UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAMELA ARCHER,                                          Civil No.        2:23-cv-01128
         Plaintiff,

                                                        COMPLAINT FOR ERISA BENEFITS
         v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,
         Defendant.

Plaintiff, Pamela Archer, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as

PLAINTIFF'S COMPLAINT
Civ. No.: 2:23-cv-01128                    1

defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as the Department of Labor's ERISA claims regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, the plan's mandatory appeals have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Western District of Washington pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the ERISA plan was administered. The plan in question is administered in Renton, King County, Washington.

**PARTIES**

4. Plaintiff is a part-time resident of Scottsdale, Arizona. She also resides part-time in Mexico.

5. Defendant Unum Life Insurance Company of America ("Unum") is an insurance company headquartered in Portland, Maine, and is authorized to transact the business of insurance in this state.

6. Unum is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy 138177002, issued by Unum to Providence Health & Services.

7. Unum may be served with process in Washington by and through the Washington State Office of the Insurance Commissioner, by mailing two copies of the summons and complaint to: Office of the Insurance Commissioner, Service of Legal Process, P.O. Box 40255, Olympia, WA 98504-0255.

PLAINTIFF'S COMPLAINT
Civ. No.: 2:23-cv-01128                    2

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

**FACTS**

8. Plaintiff was employed by Providence Health & Services ("Providence").

9. By virtue of her employment, Plaintiff was covered by Group Long Term Disability Policy 138177002, issued by Unum to Providence.

10. The provision of group long term disability ("LTD") insurance coverage to employees of Providence constitutes an ERISA welfare benefit plan ("Plan").

11. Plaintiff stopped working for Providence on or about February 12, 2013 due to disabling symptoms of degenerative disc disease.

12. When Plaintiff ceased work she was covered under the terms of the Plan.

13. Plaintiff timely applied for LTD benefits under the Plan.

14. Unum approved Plaintiff's claim for LTD benefits, and paid benefits up to April 27, 2022.

15. The LTD policy states that LTD payments will end "if you are considered to reside outside the United States or Canada. You will be considered to reside outside these countries when you have been outside the United States or Canada for a total period of 6 months or more during any 12 consecutive months of benefits."

16. Starting in 2019, Plaintiff has resided part-time in Mexico.

17. At all times prior to the onset of the COVID-19 pandemic, Plaintiff satisfied the Plan's international travel requirements, returning to the United States at least once every six months.

PLAINTIFF'S COMPLAINT
Civ. No.: 2:23-cv-01128                                    3

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

18. At the time she began residing part-time in Mexico, Plaintiff was unaware of the Plan's international travel requirements.

19. There was only one period of time during which Plaintiff was outside of the United States for longer than 6 months.

20. Plaintiff was outside of the United States from January 29, 2020 to February 20, 2021.

21. This time period represents the height of the COVID-19 pandemic.

22. During a portion of this time, it would have been legally impossible for Plaintiff to travel from Mexico to the United States.

23. During the remainder of this time, it would have practically difficult, and medically dangerous, for Plaintiff to travel to the United States.

24. Plaintiff did attempt to return to the United States once during this period, in April of 2020, but her flight was cancelled by the airline.

25. During the approximately 13-month period of time Plaintiff was out of the United States, she remained unaware of the Policy's international travel clause.

26. At least as early as October 11, 2020, Unum was aware that Plaintiff was residing part-time in Mexico.

27. Unum did not inform Plaintiff of the Plan's international travel clause at the time it learned of her part-time residence in Mexico.

28. As of April 28, 2022, Unum denied Plaintiff's claim for ongoing LTD benefits based on the international travel clause.

29. By letter dated April 28, 2022, Unum "suspended" Plaintiff's benefits as of April 28, 2022 based on Plaintiff's alleged failure to provide information, including information about her international travel.

30. By letter dated June 2, 2022, Unum formally denied Plaintiff's claim as of April 27, 2022, primarily based on the foregoing clause regarding international travel.

31. Unum's June 2, 2022 letter stated that if Plaintiff disagreed with Unum's decision, she could request an appeal.

32. By email dated June 21, 2022, Plaintiff wrote "I would also like to appeal this decision. I need the information on how to do that exactly."

33. Plaintiff did not intend for this email to serve as her appeal.

34. Plaintiff intended her email statement that she would "like to appeal" as notice of her intent to appeal her claim at some time in the future, and a request for information as to how to submit and perfect her appeal.

35. Unum construed Plaintiff's June 21, 2022 email as her actual appeal, and proceeded to review her claim.

36. On June 27, 2022, Unum issued a letter denying Plaintiff's appeal. The only basis for denying the appeal stated in this letter was the international travel clause.

37. Unum later determined that Plaintiff's claim should have been retroactively denied as of April 20, 2020, on which date it believed Plaintiff had been out of the U.S. for six months.

38. As a result of this determination, Unum seeks return of "overpaid" benefits in the amount of $62,893.14.

PLAINTIFF'S COMPLAINT
Civ. No.: 2:23-cv-01128                    5

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

39. Unum's determination of when Plaintiff had been out of the U.S. for six months is factually incorrect. Plaintiff returned to the U.S. in January of 2020, traveling again to Mexico on January 29, 2020. As such, she was first outside of the U.S. for more than six months on July 29, 2020.

40. Unum has agreed to waive the international travel requirements under similarly-worded ERISA plans due to impossibility or impracticality of travel during the COVID-19 pandemic.

41. Unum's refusal to waive this requirement for Plaintiff represents inequal application of Unum's policies.

42. On May 6, 2023, through counsel, Plaintiff submitted what she intended to be her actual appeal of the denial of her claim.

43. This appeal was timely, within the deadlines specified in the plan, as extended by the U.S. Department of Labor's emergency extension of ERISA deadlines due to the COVID-19 emergency.

44. Unum refused to consider Plaintiff's appeal, stating that it had already considered one appeal review of the claim.

45. By letter dated June 27, 2023, Plaintiff asked again that Unum consider her appeal, and clarified that she did not intend for her June 21, 2022 email to serve as her actual appeal.

46. Unum again refused to consider Plaintiff's appeal.

47. At this time, Plaintiff's administrative appeal remedies available under the plan are either exhausted, or deemed exhausted by Unum's refusal to consider her actual appeal.

48. This complaint is timely filed within the contractual limitations period stated in the plan.

49. Plaintiff was and continues to be disabled under the terms of the Plan, and has satisfied all other provisions of the Plan, including the international travel clause, to the greatest extent possible.

50. Defendant would pay any benefits due out of its own funds.

51. Defendant was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

52. Defendant allowed its concern over its own funds to influence its decision-making.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

53. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

54. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

55. At all times apart from one 13-month period during the height of the COVID-19 pandemic, Plaintiff has satisfied the Plan's international travel requirements.

56. Plaintiff was practically and legally unable to travel to the United States to satisfy the Plan's requirements during this time.

57. Travel from Mexico to the United States would have been medically dangerous to the Plaintiff during this time.

58. Strict compliance with the Plan's international travel requirement should be excused during this time as impossible and/or medically dangerous.

59. Defendant failed to provide benefits due under the terms of the Plan and these denials of benefits to Plaintiff constitute breaches of the Plan.

60. The decisions to deny these benefits were wrong under the terms of the Plan, and should be reversed on *de novo* review.

61. The decisions to deny benefits and decision-making processes were also arbitrary and capricious.

62. The decisions to deny benefits were not supported by substantial evidence in the record.

63. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled under the Plan.

64. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

**SECOND CAUSE OF ACTION**
**FOR EQUITABLE RELIEF PURSUANT TO 29 U.S.C. § 1132(a)(3)**

65. The ERISA statute, at 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought by a plan participant or beneficiary to obtain appropriate equitable relief to redress violations of ERISA.

66. Plaintiff was a participant in the Plan, which is an ERISA plan.

67. Defendant is the claims administrator and insurer of the Plan.

68. Defendant is a fiduciary for the Plan.

69. Defendant performs fiduciary acts when it conveys or fails to convey information about benefits or Plan provisions to the Plan's participants.

70. Defendant owes fiduciary duties to Plan participants, including Plaintiff.

71. The fiduciary duties which Defendant owes to Plaintiff include the common law duty of loyalty, which requires fiduciaries to deal fairly and honestly with beneficiaries.

72. Defendant also owed Plaintiff a duty to convey complete, thorough, and accurate information that was material to her circumstances.

73. Defendant breached its fiduciary duties of loyalty and conveying complete information to the Plaintiff by:

    a.   Failing to warn her of the Plan's international travel requirements;

    b.   Refusing to consider her actual appeal; and

    c.   Refusing to waive the Plan's international travel requirements when it has done so for other similarly-situated claimants;

74. As a result of Defendant's breaches of its fiduciary duties, Plaintiff has lost her LTD benefits, and seeks an equitable remedy of reinstatement of those benefits.

75. In the alternative, the international travel requirement of the Plan should be equitably reformed to include an exception for impossibility or extreme impracticality and danger of travel during an international pandemic.

76. In the alternative, the Court should impose an equitable waiver of the Plan's international travel requirements for the reasons stated above.

PLAINTIFF'S COMPLAINT                         Evergreen Disability Law
Civ. No.: 2:23-cv-01128        9        465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

77.    A finding in favor of Plaintiff against the Defendant;

78.    Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

79.    In the alternative, if Plaintiff's benefits are not fully reinstated, Unum's overpayment assessment should be waived or recalculated to conform to the facts;

80.    Prejudgment and postjudgment interest;

81.    An Order requiring the Defendant to pay continuing benefits into the future, so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan, in the future so long as Plaintiff remains disabled under the terms of the Plan;

82.    Plaintiff's reasonable attorney fees and costs; and

83.    Such other relief as this court deems just and proper.

**On Plaintiff's Second Cause of Action:**

84.    A finding in favor of Plaintiff against Defendant;

85.    Equitable remedies in the form of waiver, plan reformation, or such other equitable remedy as the Court deems appropriate, waiving the 13-month period during which

PLAINTIFF'S COMPLAINT
Civ. No.: 2:23-cv-01128                     10

Evergreen Disability Law
465 NE 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

Plaintiff was unable to travel to the U.S. during the COVID-19 pandemic;

86. Equitable remedies in the form of waiver or such other equitable remedy as the Court deems appropriate to eliminate or correct the amount of Unum's claimed overpayment amount;

87. Plaintiff's reasonable attorney fees and costs; and

88. Such other relief as this court deems just and proper.

Dated this 28th day of July, 2023.

Respectfully submitted,

BY:    *s/Jeremy L. Bordelon*
       Jeremy L. Bordelon, WSBA No. 53118